**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**

**2008 Jun 03 PM 03:57**

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Jamal Naserdin | ) | Case No. 07-34939 |
| | ) | |
| Debtor(s). | ) | Chapter 11 |
| | ) | |
| Rosie's Fine Foods, Inc., | ) | Adv. Pro. No. 07-3015 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Jamal Naserdin, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |

### ORDER

The court held a hearing on June 3, 2008, on Plaintiff's Motion to Reconsider Order Granting Extension of Time [Doc. #17]. Plaintiff served discovery requests, including requests for admission, on Defendant on March 31, 2008. Defendant did not timely respond to the discovery requests. On May 6, 2008, Plaintiff filed a motion for summary judgment based on the facts that were deemed admitted by Defendant's lack of response. On May 13, 2008, Defendant filed a motion for extension

of time to respond to the discovery requests, including the requests for admission. In effect, Defendant requested withdrawal of the deemed admissions under Fed. R. Civ. P. 36(b), which applies to this adversary proceeding under Fed. R. Bankr. P. 7036. *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997); *Chancellor v. City of Detroit,* 454 F. Supp. 645, 666 (E.D. Mich. 2006). The court immediately granted the motion for extension of time without affording Plaintiff time for response. As a result, Plaintiff moved the court for reconsideration of its order granting the extension. Since the court did not afford Plaintiff proper time for response to Defendant's motion for an extension, the court will treat the motion for reconsideration as an opposition to Defendant's motion for an extension of time and withdrawal of the deemed admissions.

Under Rule 36(b), trial courts have discretion in deciding whether to withdraw or amend admissions. *Kerry Steel, Inc.*, 106 F.3d at 154. Rule 36(b) establishes a two part standard for permitting withdrawal of deemed admissions: (1) withdrawal would promote presentation of the merits; and (2) withdrawal would not prejudice the requesting party in maintaining or defending the action. The party who obtained the admission has the burden of showing prejudice. *Id.; Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005).

The first prong is demonstrated by Plaintiff's motion for summary judgment, which is based entirely on the deemed admissions, the third of which is "admit that the amount you owe Rosie's is not dischargeable in bankruptcy." The dischargeability of debt is, of course, the entire issue raised by the adversary complaint and the answer. If that admission is not withdrawn, the case on the merits will be eliminated and Plaintiff will be entitled to judgment in its favor based on the procedural fact of the deemed admission alone. Thus, withdrawal of the admission will afford Defendant the opportunity to contest the issues raised by the complaint on the merits.

Plaintiff has not demonstrated prejudice by allowance of the withdrawal, with "the prejudice

contemplated ... not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel, Inc.*, 106 F.3d at 154. Plaintiff cites the case management schedule as the basis for prejudice if the admission is withdrawn. However, this case is still in its early stages. Discovery is ongoing, with the current discovery deadline July 14, 2008, and a further pretrial conference set for July 22, 2208. *See* Doc. # 9. There is no motion cutoff or trial date set at this time and no indication that the withdrawal and delay in response time has affected Plaintiff's ability to complete discovery either on the present or an extended schedule or Plaintiff's ultimate ability to present its case. The filing of a motion for summary judgment on the basis of deemed admissions does not in the court's view constitute prejudice "in maintaining the action." *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007).

Based on the foregoing reasons and as otherwise stated on the record by the court at the hearing,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Granting Extension of Time [Doc. #17] is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's oral motion made at the hearing under Rule 9013 to withdraw its pending motion for summary judgment [Doc. # 12] is **GRANTED**.