The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.

**FILED 2008 Sep 11 PM 01:14**

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-34939 |
| | ) | |
| Jamal Naserdin, | ) | Adv. Pro. Case No. 08-3015 |
| | ) | |
| Debtor(s), | ) | Chapter 7 |
| | ) | |
| Rosie's Fine Foods, Inc., | ) | |
| | ) | Judge Mary Ann Whipple |
| Plainitff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jamal Naserdin, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION TO SHOW CAUSE FOR FAILURE TO APPEAR FOR DEPOSITION PURSUANT TO SUBPOENA

The court held a hearing on September 10, 2008, on Plaintiff Rosie's Fine Foods, Inc.'s Motion to Show Cause for Failure to Appear for Deposition Pursuant to Subpoena [Doc. # 33]. The motion addresses the non-appearance of witness Lenora L. Altmeier at a deposition in response to a subpoena from this court issued on behalf of Plaintiff. Attorney for Plaintiff appeared at the hearing in person. Attorney for Defendant

appeared by telephone. There was no appearance by or on behalf of witness Lenora L. Altmeier.

The district court has jurisdiction over Defendant/Debtor Jamal Naserdin's Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). This adversary proceeding seeks to except a debt from Mr. Naserdin's discharge under 11 U.S.C. § 523(a)(2),(4) and (6). As such it is a civil proceeding arising under Title 11 and in a case under Title 11. The district court therefore has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b). This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine dischargeability of debts are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I). Likewise a motion for contempt sanctions is a core proceeding that this court may hear and determine under 28 U.S.C. 157(b)(2)(A).

Rule 45 of the Federal Rules of Civil Procedure applies in bankruptcy cases through Rule 9016 of the Federal Rules of Bankruptcy Procedure. Plaintiff's Attorney duly and properly issued on July 7, 2008, a subpoena from this court under Rule 45(a) commanding the attendance of Lenora Altmeier and the production of documents at a deposition to be conducted on July 21, 2008, at the offices of Marshall & Melhorn LLC in downtown Toledo. [Doc. # 30]. The subpoena was duly and properly served on Lenora Altmeier on July 8, 2008, at her address at 545 Bennington Drive, Maumee, Ohio 43537, [*Id.*], in accordance with Rule 45(b) and along with the required appearance fees. However, Ms. Altmeier did not appear for the deposition. The docket shows that she has not served any objections to the subpoena and has not requested this court to quash or modify the subpoena.

Plaintiff filed its motion to show cause why Lenora Altmeier should not be held in civil contempt on July 24, 2008. The motion was served on Lenora Altmeier at 545 Bennington Drive, Maumee, Ohio 43537 by first class mail postage prepaid on July 24, 2008. [Doc. #33]. The court originally scheduled the motion for hearing to be held on August 26, 2008, however, that order was not served on Lenora Altmeier. Accordingly, on its own initiative, by order entered on August 25, 2008, the court rescheduled the hearing to occur on September 10, 2008. [Doc. # 37]. This second hearing order was served on Lenora Altmeier on August 27, 2008, by first class United States Mail, postage prepaid, to 545 Bennington Drive, Maumee, Ohio 43537. [Doc. #38]. The Clerk dockets mail returned to the Toledo court location. There is no return mail on the docket of this adversary proceeding.

Rule 45(e) states that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." The record shows that the subpoena to Lenora Altmeier has been duly and properly issued and served in accordance with Rule 45. Notice of the hearing on the motion was duly and properly given to Lenora Altmeier by the court. She did not appear at either the

deposition or at the court's hearing and has thus offered no excuse for disobeying the subpoena commanding her appearance and the production of documents in this action.

To find civil contempt the court must consider "(1) did the respondent receive appropriate notice of the alleged contempt; (2) did the acts or failure to act constitute contempt of court; and (3) if so, what is the appropriate consequence." *In re Sherelle M. Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001).

The facts described above show that Lenora Altmeier was duly and properly served with the subpoena, with Plaintiff's motion and with the court's second hearing order. The motion clearly and adequately describes the nature of the alleged contempt as her failure to appear for deposition on July 21, 2008, in response to a duly and properly issued and served subpoena from this court. The court therefore finds that Lenora Altmeier received appropriate notice of the alleged contempt and of the hearing.

The second element required to find civil contempt of court is established in this instance by the plain terms of Rule 45(e) specifying that disobedience of a subpoena, as has occurred here, without adequate excuse is an act of contempt. Lenora Altmeier has not appeared at the hearing and has not offered any excuse, let alone an adequate excuse, for disobeying the subpoena. The court finds that Lenora Altmeier's non-appearance for the deposition and failure to produce documents constitute contempt of court.

As a sanction, the court will order Lenora Altmeier to comply with the subpoena and to appear at a rescheduled deposition as set forth below. In order to secure her appearance and compliance, the court finds that it must assess Lenora Altmeier a fine of $25 per day payable to the court's Clerk until she complies with the subpoena and appears at the deposition. The fine commences with the entry of this order on the docket and accrues every day thereafter until compliance has occurred. The purpose of the fine is to coerce and secure Ms. Altmeier's compliance with the subpoena and with this order to appear for deposition. Given her non-appearance appear at the hearing and her failure to offer any excuse for her disobedience of the subpoena, more than a de minimis amount is necessary to exert the necessary coercive pressure to get her to comply.

The court will, however, allow Lenora Altmeier to purge the contempt and to finally comply with the subpoena. If Ms. Altmeier appears as required by this order and responds to the directive to produce documents contained in the subpoena, she will not have not have to pay the $25 per day fine to the Clerk, the coercive fine will be abated completely and her civil contempt will be treated as purged.

Ms. Altmeier is cautioned that, if it becomes apparent by the additional passage of time, a further non-appearance in violation of both this court order and the subpoena and accrual of substantial fines, that the coercive sanction is still insufficient to secure her compliance with the directives of this court, the court will entertain a request from Plaintiff to have her brought before the court by the United States Marshal's

Service against her will.

For cause shown and based upon clear and convincing evidence,

**IT IS ORDERED** that Plaintiff Rosie's Fine Foods, Inc.'s Motion to Show Cause for Failure to Appear for Deposition Pursuant to Subpoena [Doc. # 33] is **GRANTED**; and

**IT IS FURTHER ORDERED** that Lenora L. Altmeier is adjudged to be in civil contempt of this court because she failed without excuse to comply with the subpoena duly and properly issued in this action on behalf of this court on July 7, 2008, and duly and properly served upon her on July 8, 2008; and

**IT IS FURTHER ORDERED** that Lenora L. Altmeier is hereby assessed a fine of $25 day per day payable to the Clerk of this court, commencing on date of entry of this order. Unless her contempt is purged as set forth below, this coercive fine will continue to accrue until she both complies with the subpoena and pays the fine assessed hereby; and

**IT IS FINALLY ORDERED** that Lenora L. Altmeier may purge her contempt and have the $25.00 per day fine abated completely by complying with the subpoena through appearing for deposition and producing the requested documents in this matter on **October 8, 2008, at 9:00 o'clock a.m.** at the offices of Michael A. Gonzalez, Esq., (419) 249-7100, 419-249-7102 (FAX), gonzalez@marshall-melhorn.com, , Marshall & Melhorn, LLC, Four SeaGate, Eighth Floor, Toledo, Ohio 43604.